**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ISRAEL GARCIA-VALENCIA; JESSENIA M. GARCIA,<br><br>    Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.,<br><br>    Defendants. | No. CV-09-1146-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendants Aurora Loan Services and Mortgage Electronic Registration Systems. (Dkt. # 10.) The Motion, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), was filed on June 11, 2009, along with a certificate of service. (*Id.*) In the Motion, Defendants seek dismissal with prejudice of all relevant claims and an order quashing a notice of *lis pendens*. (*Id.*)

Local Rule 7.2(c) states that, "[t]he opposing party shall . . . have ten (10) days after service in a civil or criminal case within which to serve and file a responsive memorandum." On July 6, 2009, the Court informed Plaintiffs that they had failed to comply with Local Rule 7.2(c) and extended the time in which Plaintiffs could respond to Defendants' Motion to and including July 22, 2009. (Dkt. # 14.) Plaintiffs were warned that failure to file a response

brief "may be deemed consent to the . . . granting of the motion" and "could result in the dismissal of all claims against Defendants Aurora Loan Services and Mortgage Electronic Registration Systems" (*id.* at 1-2). Local Rule 7.2(i) provides that an unrepresented party's failure to respond to a motion "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a district court did not err in dismissing a pro se plaintiff's complaint for failing to comply with a local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). The Ninth Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants should not be treated more favorably than parties represented by attorneys).

The Ninth Circuit has established "a five-part 'test' to determine whether the dismissal sanction is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *see also Ferdik*, 963 F.2d at 1260. However, "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositve sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

### Factor 3 – Risk of Prejudice to Defendants

Defendants will be prejudiced by Plaintiffs' ongoing refusal to respond to Defendants' motion to dismiss and comply with the Court's Order and the Local Rules of Civil Procedure. Defendants have expended time and finances in taking timely action to address Plaintiffs'

1 claims. Plaintiffs failure to respond and violation of the Local Rules, if permitted to
2 continue, would only frustrate Defendants' efforts and force Defendants to expend additional
3 time and resources in defending the claims.

4 In their motion to dismiss, Defendants seek dismissal of the Complaint with prejudice
5 and an order quashing the *lis pendens* filed by Plaintiffs. (Dkt. # 10.) Defendants argue that
6 Plaintiffs' claims "fail . . . because they are vague and generic, refuted by judicially
7 noticeable documents, and contrary to Arizona's nonjudicial foreclosure laws." (*Id.*) These
8 arguments are fairly and timely raised in this action and deserve a timely response by
9 Plaintiffs. The Court has been flexible in ensuring Plaintiffs had an opportunity to be heard
10 in response to Defendants' motions. To continue to permit Plaintiff to engage in delay and
11 silence would be to significantly prejudice those defendants actively seeking to clarify and
12 narrow this action.

13 Therefore, factor 3 weighs in favor of dismissal.

### Factor 5 – Availability of Less Drastic Sanctions

15 Factor 5 "involves consideration of three subparts: whether the court explicitly
16 discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant
17 party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. While less drastic
18 sanctions are certainly available, they are not appropriate here. The Court has granted
19 Plaintiffs ample time to respond to Defendants' motion and has explicitly warned them that
20 failure to do so could result in granting of the motion and "could result in the dismissal of all
21 claims against Defendants Aurora Loan Services and Mortgage Electronic Registration
22 Systems." (Dkt. # 14 at 2.) Plaintiffs nonetheless failed to respond or take any other action
23 to prosecute their claim. Additionally, given the arguments raised by Defendants, it is
24 unclear that any of Plaintiffs' claims are properly pled or are legally cognizable.

25 With four factors weighing in favor of dismissal and one factor weighing against,
26 dismissal is appropriate here. *See, e.g.*, *Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08
27 (9th Cir. 2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all

1  weighed in favor of dismissal); *Ghazali*, 46 F.3d at 53-54 (upholding summary dismissal of
2  a pro se plaintiff's action for failure to follow the court's local rules)

3    **IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Aurora Loan Services and Mortgage Electronic Registration Systems (Dkt. # 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Aurora Loan Services and Mortgage Electronic Registration Systems are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Notice of *Lis Pendens* filed by Plaintiffs in conjunction with this lawsuit is **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiffs show cause as to why the Court should not dismiss Defendant Quality Loan Service Corporation pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve. Plaintiffs are directed, before **5:00 P.M. on August 20, 2009**, to either file proof of service upon Defendant Quality Loan Service Corporation or a memorandum demonstrating good cause why Defendant Quality Loan Service Corporation has not yet been served. Failure to respond may be considered as consent to the dismissal of Defendant Quality Loan Service Corporation.

DATED this 31st day of July, 2009.

_____
G. Murray Snow
United States District Judge